# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

LEE HOLDEN PARKER, Inmate #A-50207, and TIMOTHY J. CUNNINGHAM, SR., Inmate #R05718,

Plaintiffs,

vs.

CIVIL NO. 08-cv-130-GPM

ROGER E. WALKER, *et al.*,

Defendants.

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiffs Lee Holden Parker and Timothy J. Cunningham were inmates at the Menard Correctional Center at the time they filed this civil action which asserts various violations of their constitutional rights. This Court's practice has been to sever such multiple prisoner cases into individual cases. However, the Seventh Circuit Court of Appeals ruled that district courts are required to accept joint complaints filed by multiple prisoners if the criteria of permissive joinder under FED.R.CIV.P. 20 are satisfied. Further, it held that each prisoner in the joint action is required to pay a full filing fee. *Boriboune v. Berge*, 391 F.3d 852 (7th Cir. 2004).

Because not every prisoner is likely to be aware of the potential negative consequences of joining group litigation in federal courts, the Circuit suggested in *Boriboune* that district courts alert prisoners to the individual payment requirement, as well as the other risks prisoner *pro se* litigants face in joint *pro se* litigation, and "give them an opportunity to drop out." *Id.* at 856. Therefore, in keeping with this suggestion, the Court offers each Plaintiff an opportunity to withdraw from this litigation before the case progresses further. Each Plaintiff may wish to take into consideration the

Page 1 of 2

following points in making his decision:

- He will be held legally responsible for knowing precisely what is being filed in the case on his behalf.

- He will be subject to sanctions under FED.R.CIV.P. 11 if such sanctions are found warranted in any aspect of the case.

- He will incur a strike if the action is dismissed as frivolous or malicious or fails to state a claim upon which relief may be granted.

- In screening the complaint, the Court will consider whether his claims should be severed and, if it decides severance is appropriate, he will be required to prosecute his claims in a separate action.

- Whether the action is dismissed, severed, or allowed to proceed as a group complaint, he will be required to pay a full filing fee, either in installments or in full, depending on whether he qualifies for indigent status under §§ 1915(b) or (g).

**IT IS HEREBY ORDERED** that each Plaintiff shall have until August 26, 2008, in which to advise the Court whether he wishes the Court to consider him a plaintiff in this group action. If, by August 26, 2008, any one or more of the Plaintiffs advises the Court that he does *not* wish to participate in the action, he will be dismissed from the lawsuit and will not be charged a filing fee.

**IT IS FURTHER ORDERED** that any Plaintiff who does not respond to this order by August 26, 2008, will be considered a plaintiff in this action. At that time, the Court will proceed as described above, and each Plaintiff still a party to this action shall be held accountable for all consequences explained above.

**IT IS SO ORDERED.**

DATED: 07/24/08

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge