# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| LEE HOLDEN PARKER, *et al.*, | ) |
|---|---|
| Plaintiff, | ) |
| vs. | ) CIVIL NO. 08-cv-130-GPM |
| ROGER E. WALKER, *et al.*, | ) |
| Defendants. | ) |

# **MEMORANDUM AND ORDER**

**MURPHY, District Judge:**

This matter is before the Court on Plaintiff Lee Holden Parker's motion "for preliminary review finding" (Doc. 7). This motion purports to be made on behalf of both Plaintiff Parker and Plaintiff Cunningham, with Parker claiming to be Cunningham's "representative."

Plaintiff Parker, however, is not a licensed attorney nor is he admitted to the bar of this Court. Instead, he is a convicted inmate. As such, Parker may **not** "represent" Cunningham, a fellow inmate, in any action before this Court. More specifically, Rule 11(a) of the Federal Rules of Civil Procedure requires that **each** unrepresented party sign each pleading wherein that party seeks relief. This means that **both** Parker and Cunningham must sign any pleading wherein they seek relief jointly. The Court recognizes that the requirements of Rule 11(a) pose a problem for Plaintiffs because Plaintiff Cunningham is now incarcerated in another prison than Plaintiff Parker. This difficulty, however, is one that is inherent when multiple prisoners join in one *pro se* action.

It is not uncommon for inmates to be transferred from one institution to another. Consequently, the difficulty of complying with Rule 11(a) is yet another factor for prisoners to contemplate when deciding whether to join with other inmates in a civil action.

Construing the instant motion "for preliminary review finding" as being made solely on Plaintiff's Parker behalf, the Court finds the motion should be denied. First, contrary to Plaintiff's assertion, 28 U.S.C. § 1915A does not set any time limits for conducting the threshold review mandated by § 1915A(a). Instead, it states only that "[t]he court shall review, before docketing, if feasible, or, in any event, as soon as practicable after docketing" Plaintiff's complaint. The Court notes that because the complaint asserts a claim for relief based, in part, on an injunction allegedly entered in a prior case that is thirty years old, the difficulty the Court encounters in retrieving and reviewing these prior court files factors into what is "practicable" in this case.

Second, while Plaintiff Parker's motion to proceed *in forma pauperis* was filed with the complaint on February 25, 2008, Plaintiff Cunningham's motion to proceed *in forma pauperis* was not filed with the Court until March 26, 2008. Because both Plaintiff's are required to pay the full filing fee or obtain *in forma pauperis* status, it only makes sense for the Court to defer threshold review until both Plaintiff's have either paid the full filing fee or submitted proper motions to proceed *in forma pauperis*. This is especially true because § 1915(g) may prevent either or both prisoner plaintiffs from initiating a civil action.

Third, because this is a multi-prisoner action, the Court is obligated to warn the Plaintiffs of the dangers of filing such actions before proceeding to a threshold review of the complaint that could lead to the assessment of strikes against each Plaintiff. *See Boriboune v. Berge*, 391 F.3d 852 (7th

Cir. 2004). Therefore, Plaintiff Parker's motion "for preliminary review finding" (Doc. 7) is **DENIED**.

    **IT IS SO ORDERED.**

    DATED: 08/8/08

    s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United Stated District Judge