# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

LEE HOLDEN PARKER,  and        )
TIMOTHY J. CUNNINGHAM, SR.,   )
                                    )
        **Plaintiffs,**         )
                                    )     **CIVIL NO. 08-cv-130-GPM**
**vs.**                               )
                                    )
**ROGER E. WALKER, *et al.,***      )
                                    )
        **Defendants.**       )
                                    )

# <u>MEMORANDUM AND ORDER</u>

**MURPHY, District Judge:**

Plaintiff Parker, an inmate at the Menard Correctional Center (Menard), and Plaintiff Cunningham, an inmate at the Pinckneyville Correctional Center (Pickneyville),[1] brought this action for deprivations of their constitutional rights pursuant to 42 U.S.C. § 1983.  Plaintiffs seek declaratory, injunctive, and monetary relief for a variety of conditions at Menard which allegedly violate their constitutional rights.  This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief

---

[1]It appears Plaintiff Cunningham was incarcerated at Menard when the complaint was filed.  Since then, however, Plaintiff Cunningham has been transferred to Pinckneyville.

may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

## THE COMPLAINT

### A. Background.

In 1973, inmates at Menard filed suit in this Court against the State of Illinois under 42 U.S.C. § 1983.[2] *Lightfoot v. Walker*, 826 F.2d 516, 517 n.1 (7th Cir. 1987); *Lightfoot v. Walker,* Nos. 73-238 and 78-2095 (S.D. Il.). This prior suit concerned the living conditions in Menard's Segregation Unit which, at that time, was housed in "North Building I." In this prior action, several inmates were certified as representatives of a class defined as "a class of people consisting of all individuals who have been since May 1, 1973, are presently or will in the future be incarcerated in the segregation or isolation units or control cells at Menard Correctional Center." *Lightfoot v. Walker*, Nos. 73-238 and 78-2095 (S.D. Il, Order March 5, 1976). These inmates were authorized to maintain this suit in their own behalf "and for purposes of declaratory and injunctive relief, on behalf of the members of said class pursuant to Rule 23(b)(2) of Fed. R. Civ. P." *Id*.

In 1980, Judge Foreman entered an Order enjoining "the defendants, their agents, successors

---

[2]The public officials who were named defendants were sued in their official rather than their individual capacities, so that the suit was, in effect, against the State of Illinois. *Lightfoot v. Walker*, 826 F.2d 516, 517 n.1 (7th Cir. 1987).

in office and all persons acting in concert of participation with them" from a wide variety of conduct. *Lightfoot v. Walker*, 486 F. Supp. at 526-29. The State was directed to come up with a plan to address the deficiencies found by Judge Foreman and a Special Master was appointed to assist the Court in addressing the delivery of health care services. *Id.* Judge Foreman retained "jurisdiction of this cause for purposes of enforcing this order and for entering any and all additional orders, deemed necessary to implement the effect and intent of this decree."

In 1990, Judge Foreman - noting that this prior case had "been settled in principle" - determined that "there is no need to keep an active docket on this case" and directed the Clerk of Court to "close [the] case for statistical purposes[.]" *Lightfoot v. Walker*, Nos. 73-238 and 78-2095 (S.D. Il., Feb. 16, 1990). Judge Foreman's order noted that "the parties may reopen this case for good cause shown." *Id.*

In 1991, Judge Foreman entered an Order releasing the defendants from their obligation to post bond regarding the attorneys' fee judgment. *Lightfoot v. Walker*, Nos. 73-238 and 78-2095 (S. D. Il., Nov. 6, 1991). In July 1997, Judge Foreman denied a *pro se* motion for photocopies. *Lightfoot v. Walker*, Nos. 73-238 and 78-2095 (S. D. Il., July 3, 1991). Since that time - nearly eleven years ago - there have been no further docket entries concerning this case.

**B. Allegations.**

In the instant complaint, Plaintiffs allege that they are confined in Menard's Segregation Unit which is now housed in "North Building II and its attached Annex." Plaintiffs contend that the current conditions in the current Segregation Unit are identical (or nearly identical) to the conditions that were found to be unlawful by Judge Foreman in *Lightfoot v. Walker*. Plaintiffs request that the Court re-open the *Lightfoot* case and allow them to proceed as class representatives.

Plaintiffs' theory appears to be that in the absence of the Court's spotlight shining on it, Menard officials have slowly allowed living conditions to deteriorate and, thus, the Defendants are in violation of Judge Foreman's injunction and/or constitutional standards. Furthermore, because of the asserted relation to *Lightfoot*, Plaintiffs allege that their claims have been "fully administratively exhausted by the *Lightfoot* notice to the defendant successors." In addition to injunctive and declaratory relief, Plaintiff seek damages against the named Defendants.

## DISCUSSION

Plaintiffs' request to re-open *Lightfoot* will be denied. First, as Judge Foreman's Order indicates, it appears that the parties to that litigation settled the case. Even if not settled, none of the parties to the litigation (including the appointed attorneys) have filed any motion in the past twenty-eight years suggesting that the constitutional deficiencies noted by Judge Foreman were not corrected. Judge Foreman's 1990 Order demonstrates that he considered the case closed and the parties, by their inaction, have acquiesced to the closing of the case.

Second, as noted above, the public officials sued in *Lightfoot v. Walker* were sued in their official rather than their individual capacities, so that the suit was, in effect, against the State of Illinois. *Lightfoot v. Walker*, 826 F.2d 516, 517 n.1 (7th Cir. 1987). Plaintiff Walker and Plaintiff Cunningham, in contrast, seek damages against the named defendants in their individual capacities. Thus, the instant complaint does not wish to re-open *Lightfoot*, but to supercede it.

Third, the law has changed substantially since Judge Foreman made his findings and entered his injunction. For example, as it relates to disciplinary hearings, the injunction may no longer accurately reflect the law concerning the process, if any, due to a prisoner charged with violating institutional rules. *See, Sandin v. Conner*, 515 U.S. 472, 484 (1995) (an inmate has a due process

liberty interest in being in the general prison population only if the conditions of his or her confinement impose "atypical and significant hardship...in relation to the ordinary incidents of prison life."). Additionally, Congress has acted to substantially limit the time under which a prison is subject to ongoing Court supervision. *See* 18 U.S.C. § 3626 (termination of prospective relief related to prison conditions). Consequently, this Court considers the injunctive relief entered in *Lightfoot* terminated. Alternatively, the Court does not find good cause to reopen *Lightfoot*.

The Court, however, does construe the complaint as seeking relief pursuant to 42 U.S.C. § 1983. As such, the Prison Litigation Reform Act[3] provides that "no action shall be brought with respect to prison conditions . . . by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997(e)(a). Because failure to exhaust administrative remedies is an affirmative defense, *Jones v. Bock*, 549 U.S. 199 (2007), Plaintiffs need not plead that they have exhausted their administrative remedies. Where, as here, though, Plaintiffs plead that they have not properly exhausted their administrative remedies - and their mere reliance upon *Lightfoot* is not sufficient to exhaust their administrative remedies - Plaintiffs have, effectively, pleaded themselves out of court.

Given the continuing or on-going nature of the alleged conditions asserted in the complaint, it appears the Plaintiffs have administrative remedies that they can pursue. Consequently, the instant complaint will be dismissed without prejudice. *See Pavey v. Conley*, 528 F.3d 494, 497-98 (7th Cir. 2008) Before refiling the instant complaint, Plaintiffs are directed to pursue their administrative remedies.

---

[3]The Prison Litigation Reform Act is one of the changes in law made since Judge Foreman entered his injunction.

**DISPOSITION**

IT IS HEREBY ORDERED that the instant complaint is DISMISSED because Plaintiffs have failed to exhaust their administrative remedies.

IT IS FURTHER ORDERED that Plaintiffs' request to re-open *Lightfoot v. Walker*, Nos. 73-238 and 78-2095 (S.D. Il.), is DENIED.

IT IS FURTHER ORDERED that the Clerk of Court shall file a copy of this Memorandum and Order in *Lightfoot v. Walker*, Nos. 73-238 and 78-2095 (S.D. Il.), for informational purposes.

IT IS FURTHER ORDERED that the Clerk of Court is DIRECTED TO CLOSE THIS CASE.

IT IS SO ORDERED.

DATED: 09/03/08

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
UNITED STATES DISTRICT JUDGE