# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LEE HOLDEN PARKER, et al., | ) |
| Plaintiffs, | ) |
| vs. | ) CIVIL NO. 08-cv-130-GPM |
| ROGER E. WALKER, JR., *et al.*, | ) |
| Defendants. | ) |

# **MEMORANDUM AND ORDER**

**MURPHY, District Judge:**

This matter is before the Court on Plaintiffs' motion to reconsider (Doc. 14). In an earlier Memorandum and Order (Doc. 13), Plaintiffs' request to reopen *Lightfoot v. Walker,* Nos. 73-238 and 78-2095 (S.D. Ill.) was denied. *Lightfoot* concerned living conditions in the Segregation Unit at Menard Correctional Center. The request was denied because the injunctive relief granted in *Lightfoot* was executed and Plaintiffs had not established good cause to reopen *Lightfoot*.

Now, Plaintiffs - who are now both confined at Pinckneyville Correctional Center (PCC) - ask this Court to reopen *Lightfoot*. In particular, Parker contends that he was confined in Menard Correctional Center at the time of the *Lightfoot* litigation and, therefore, is a member of the *Lightfoot* class of prisoners. Therefore, he contends he has standing to reopen *Lightfoot*. Alternatively, Plaintiffs contend that their 1983 action should survive because exhaustion of administrative remedies is an affirmative defense and not a proper subject for threshold review under 42 U.S.C. § 1915A.

The Court denied Plaintiffs' request to reopen *Lightfoot* because the injunctive relief in that case ended and moreover changes in the substantive law on which the injunction had been based

no longer supported the injunction. There is no reason for the Court to reconsider its earlier Order.

Plaintiffs contend that the Court misconstrued the allegations of the complaint as indicating that they had taken no steps to exhaust their administrative claims. They suggest they have taken steps to exhaust their administrative claims, but they will only reveal these steps if the Defendants assert an affirmative defense asserting that they failed to properly exhaust their administrative remedies.

Plaintiffs need not plead exhaustion in their complaint. *Jones v. Bock*, 549 U.S. 199 (2007). But, they can plead themselves out of court if they plead matters that undermine their claim. *See Henderson v. Sheahan*, 196 F.3d 839, 846 (7th Cir. 1999); *Gutierrez v. Peters*, 111 F.3d 1364, 1374 (7th Cir. 1977). In this case, Plaintiffs alleged that their claims of inhumane conditions and treatment were "as a matter of PLRA law . . . to the letter fully administratively exhausted by the *Lightfoot* notice to the defendants successors." *See* Complaint (Doc. 1), at page 4. This allegation of the complaint wrongfully equates PLRA exhaustion with mere notice to the defendants of the prior *Lightfoot* litigation. As such, the Court concludes that Plaintiffs did not properly exhaust their administrative remedies before proceeding with the instant § 1983 action. Although Plaintiffs now argue - in their *motion* - that they took additional steps to exhaust their administrative remedies, their *complaint* is what it is.

For these reasons, Plaintiffs' motion for reconsideration (Doc. 14) is **DENIED**.

**IT IS SO ORDERED**.

DATED: 11/24/08

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge